**SAFEWAY MOVING AND STORAGE CORPORATION, a Virginia corporation, Plaintiff-Appellant,**

v.

**AETNA INSURANCE COMPANY, Defendant-Appellee,**

and

**United States of America, Intervenor-Appellee.**

No. 73–1719.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1973.

Decided Feb. 6, 1974.

Robert E. Manuel and A. Andrew Giangreco, Alexandria, Va. (Giangreco, Seay & Manuel, Alexandria, Va., on brief), for plaintiff-appellant.

Norman F. Slenker, Arlington, Va. (Slenker, Brandt & Jennings, Arlington, Va., on brief), for defendant-appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and WIDENER, Circuit Judges.

PER CURIAM:

Safeway Moving and Storage Corporation (Safeway) was engaged in the moving and storing of household goods, primarily, if not exclusively, for employees of the United States. In 1965, it suffered an extensive fire loss. Ultimately it was determined to be liable to the government for $147,566.69 for the loss of goods owned by government employees. In previous litigation, it recovered $100,-000, the face value of two fire liability policies, for the benefit of the government employees whose property was destroyed in the fire, as well as its attorney's fees in defending itself in administrative proceedings where the insurers should have provided representation but failed to do so. Safeway Moving & Storage Corp. v. Aetna Insurance Co., 317 F.Supp. 238 (E.D.Va.1970), aff'd, 452 F.2d 79 (4 Cir. 1971). All of the goods were destroyed by the fire in the warehouse; none of the goods was on trucks.

In the litigation before us in this appeal, Safeway sought recovery on a third Aetna policy—one allegedly required as a condition of Safeway's doing business with the government, the existence of which was claimed to be unknown to Safeway at the time of the earlier litigation. It is a so-called Motor Truck Cargo Policy which insured Safeway against its legal liability for the property of others if damaged or destroyed while in or on trucks, or held in or on a dock, depot or terminal used by Safeway at the location where the fire occurred. Safeway obtained judgment for $10,000 entered upon a general jury verdict, and it appeals, contending principally that it was entitled to greater recovery. The United States was not a party to the instant litigation until plaintiff recovered judgment. When plaintiff recovered judgment, the district court impressed it with a trust for the benefit of the United States, Aetna paid the amount into court, and the United States intervened, but for the limited purpose of protecting the fund in which it had thus acquired an interest.

We see no reversible error and affirm the judgment.

I.

At trial, the principal controversy between the parties revolved around the construction to be placed upon the insurance policy, i. e., whether the policy, in insuring against fire loss of goods in transit, applied to goods in the warehouse or in temporary storage, or whether it applied only to goods on the way to somewhere else with respect to which a bill of lading has been issued.

The pertinent provisions of the policy affording insurance coverage follow:

2. Covering. This policy covers the liability of the Assured as a carrier . . . for direct loss or damage from [fire and lightning] . . . on land shipments of . . . household goods while loaded for shipment on and in transit in or on all vehicles operated by the Assured . . . $10,-000, as respects the contents of any vehicle.

3. Terminal Coverage With Limits. This policy also covers the liability of

the Assured . . . while the said goods are unloaded held pending transfer in or on the . . . terminal[s] 1325 Wilkes Street, Alexandria, Va. . . . 'Limit of Liability $10,000.- 00.

By "Military Traffic Management Agency Endorsement," the limit of liability for "any loss or damage . . . occurring at any one time and place," was raised to $100,000, except when the loss occurred on a vehicle, in which event the original limit of $10,000 was maintained. However, the endorsement also provided that:

> The insured [Safeway] agrees to reimburse the Company [Aetna] for any payment made by the Company on account of any loss or damage resulting in any payment that the Company would not have been obligated to make under the limits and provisions of the policy, except for the agreement contained in this endorsement.

## II.

As we view the policy, irrespective of the construction placed upon it with regard to the type of coverage it afforded, plaintiff could recover no more than $10,000. Stated otherwise, in a suit between insured and insurer, Safeway had no right to recover more than the original policy limit of $10,000 for loss by fire at any terminal. This is so because it would be obligated under the provision of the endorsement, previously quoted, to reimburse Aetna for any greater recovery. Of course, in a suit by a third person on the policy, recovery for fire loss at a terminal could exceed $10,-000, depending upon the construction placed on the policy with respect to the type of coverage the policy afforded and the nature of the loss. But the suit here was only by Safeway, the insured; and the third person, the United States, intervened only after judgment solely to protect its interest in the *res*.

## III.

Thus, we are impelled to the conclusion that Safeway has in fact recovered the most that *it* could possibly recover under the policy, irrespective of any errors on the part of the district court with regard to the theory of recovery, the construction to be placed on the policy, or in the conduct of the trial. Safeway, therefore, has nothing to complain about with regard to coverage. Aetna, of course, could have raised issues about the meaning of the policy, because, if the position it took at trial was well founded, it would have been entitled to judgment. But Aetna has not appealed; it paid the $10,000 proceeds of the policy into the registry of the district 'court after judgment; and it expressly disclaims any request for relief on its part other than affirmance of the judgment and termination of the litigation.

## IV.

We see no merit in Safeway's other contentions. Neither the policy nor the endorsement obligated Aetna to defend Safeway in any suit or administrative proceeding for damages against the latter by any third person. Safeway thus has no claim for damages for breach of any agreement to defend.

In our view, the district court properly allowed interest only from the date of judgment. Since Safeway recovered all that was due it under the policy, we agree that it had no basis to claim loss of earnings.

Affirmed.

WIDENER, Circuit Judge (dissenting):

While I may be in general agreement with the reasoning of the majority, in that the net money result to Safeway is the same (not considering attorneys' fees in this or the previous case), either on affirmance or after remand and an assumed successful prosecution of the action, I am of opinion we have not taken the proper action in affirming. As things now stand, Safeway will be left owing the United States. Had it been allowed to prosecute its action to a con-

clusion, assuming success, it would have been left owing Aetna the same amount. This is a business alternative open to Safeway of which I do not believe it should be deprived. I would remand for a new trial on proper instructions with a special verdict as to the issues.